**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CIV-61973-RAR**

**TRAVIS JAMES**,

    Petitioner,

v.

**SECRETARY, DEPARTMENT OF CORRECTIONS**, *et al.*,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he challenges the state court judgment in Case No. 97-12050-CF10A. *See* Petition [ECF No. 1]. Rule 4 of the Rules Governing Section 2254 Cases authorizes courts to dismiss a habeas petition arising under § 2254 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See also* 28 U.S.C. § 2243 (stating an order to show cause should issue "unless it appears from the application that the applicant or person detained is not entitled" to relief). Consistent with that authority, courts may *sua sponte* dismiss a § 2254 petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). Similarly, the Supreme Court has addressed a federal court's authority to *sua sponte* dismiss habeas petitions even after the State omits or erroneously concedes the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006).

Based on the foregoing authorities, and for the reasons stated herein, the Petition is **DISMISSED as time-barred** and the parties are hereby notified of their opportunity to present their positions regarding this Order.

## BACKGROUND

### A. Timeliness

Stated broadly, "a person in custody pursuant to the judgment of a State court" has a one-year period to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

### B. Procedural History

Following a jury trial in Case No. 97-12050-CF10A, the State Circuit Court in and for Broward County, Florida, entered its judgment convicting Petitioner of (1) first-degree murder and (2) attempted robbery. *See* Respondent's First Set of Exhibits [ECF No. 10-1] at 2 ("Exhibits I"). On Count One, the murder conviction, the State Circuit Court imposed a sentence of life imprisonment. *Id.* at 3. As for Count Two, the robbery conviction, the State Circuit Court

sentenced Petitioner to 30 years' imprisonment. *Id.* at 4. Petitioner appealed. *See James v. State*, 843 So. 2d 933 (Fla. 4th DCA 2003). However, the Florida Fourth District Court of Appeal ("Fourth DCA") affirmed and later denied rehearing on May 15, 2003. *See id.*

According to Respondent, Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.800, which resulted in Petitioner being resentenced on Count Two on August 18, 2004. *See* Response to Order to Show Cause [ECF No. 8] at 1 ("Response"). While the record does not contain the motion, Respondent provided the State Circuit Court's August 18, 2004 order, resentencing Petitioner on Count Two to 15 years' imprisonment. *See* Exhibits I at 111–13. This order contains a designation that states, "Nunc Pro Tunc 9-22-99." *Id.* at 113; *see also* Petition at 1 (acknowledging September 2, 1999 as the date of the original judgment).

Petitioner, pursuant to the prison mailbox rule,[1] filed his initial motion for postconviction relief under Fla. R. Crim. P. 3.850 on March 23, 2006. *See* Exhibits I at 114–34. The State Circuit Court denied relief. *See* Respondent's Second Set of Exhibits [ECF No. 10-2] at 189 ("Exhibits II"). The Fourth DCA affirmed, *see James v. State*, 935 So. 2d 15 (Fla. 4th DCA 2006), and the resulting mandate issued on August 26, 2006. *See* Exhibits II at 190.

Five years later, Petitioner filed a petition for writ of habeas corpus in the State Circuit Court. *See* Exhibits II at 191–204. The State Circuit Court denied relief on December 13, 2011. *Id.* at 208. Respondent asserts Petitioner did not appeal that order. *See* Response at 2. And there is nothing in the record or in Petitioner's filings suggesting to the contrary. *See generally* Petition; Exhibits I; Exhibits II; Petitioner's Reply [ECF No. 11] ("Reply").

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Following the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012),[2] Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.800 and 3.850. *See* Exhibits II at 209–10. In that motion, Petitioner moved the State Circuit Court to commence "a new sentencing hearing on the grounds that his sentence[] of life in prison without the possibility of parole are in violation of the Eight[h] And Fourteenth Amendments of the United States Constitution." *Id.* at 209. The State Circuit Court denied relief. *Id.* at 215–16. On appeal, the Fourth DCA "reverse[d] the trial court's order denying [Petitioner's] motion for postconviction relief and remand[ed] th[e] matter for further proceedings consistent with *Falcon v. State*, 162 So. 3d 954 (Fla. 2015), and *Horsley v. State*, 160 So. 3d 393 (Fla. 2015)." *James v. State*, 183 So. 3d 1110, 1110 (Fla. 4th DCA 2015).

The State Circuit Court, following a resentencing hearing, lowered Petitioner's sentence on Count One, the murder conviction, to 55 years' imprisonment. *See* Exhibits II at 217–21. The sentencing order contains a designation that it is "Nunc Pro Tunc 9-22-99." *Id.* at 219; *see also* Petition at 1 (acknowledging September 2, 1999 as the date of the original judgment). Again, Petitioner appealed. *See James v. State*, 258 So. 3d 468 (Fla. 4th DCA 2018). Although Petitioner "raise[d] multiple issues on appeal," the Fourth DCA "affirm[ed] without comment with *one ministerial exception*." *Id.* at 468 (emphasis added). Specifically, the Fourth DCA held Petitioner "is entitled to sentence review after 25 years" and, therefore, the Fourth DCA "remand[ed] for the entry of a written order" reflecting the "*ministerial sentence correction*" that Petitioner "need not be present" for. *Id.* at 469 (emphasis added).

---

[2] In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. Thus, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 489.

After the mandate issued, *see* Exhibits II at 251, the State Circuit Court entered a written order on December 18, 2018, providing that Petitioner "shall have a sentence review after 25 years." *Id.* at 253. Petitioner filed his Petition in this Court on August 1, 2019. *See* Petition at 8.

## **ANALYSIS**

At the inception of this case, U.S. Magistrate Judge Lisette Reid entered an order to show cause. *See* Order to Show Cause [ECF No. 4]. Respondent, in its Response to the Order to Show Cause, contended that "[t]he petition should be considered untimely." *See* Response at 3. At the same time, Respondent "disagree[d] with, but acknowledge[d]" that *Ferreira v. Sec'y, Fla. Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007) likely rendered the Petition timely in this circuit because "less than [one] year passed between the [Petitioner's] resentencing for first degree murder and the filing of the [instant] federal petition." *See* Response at 3.

As it turns out, Respondent was correct—the Petition is untimely, albeit for reasons other than what Respondent argued in its Response. In order to fully explain the untimely nature of the Petition, a brief discussion of *Ferreira* and related developments in this circuit is warranted.

In *Ferreira*, the U.S. Court of Appeals for the Eleventh Circuit held that "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *See Ferreira*, 494 F.3d at 1293 (emphasis in original).[3] Thus, Mr. Ferreira's resentencing proceeding "triggered the running of AEDPA's statute of limitations [even though his] habeas petition only challenge[d] the original [and underlying] 1997 conviction." *See id.* at 1292–93. In doing so, the Eleventh Circuit "indicated, where a resentencing [proceeding]

---

[3] Respondent also argues that any challenges to Petitioner's robbery conviction should be deemed untimely because the State Circuit Court's resentencing applied only to Petitioner's first-degree murder conviction. *See* Response at 3. But as *Ferreira* explains, Petitioner's conviction for murder and conviction for robbery are under one judgment even if Florida's courts corrected the sentence on each count on separate dates.

results in *a new judgment*, the new judgment restarts the statute of limitations." *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 502 (11th Cir. 2015) (discussing *Ferreira*) (emphasis added).

In a similar vein, pursuant to the Supreme Court's decision in *Magwood*, "where . . . there is *a new judgment* intervening between the [] habeas petitions, an application challenging the resulting new judgment is not second or successive" for purposes of the restrictions on second or successive habeas petitions. *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (cleaned up) (emphasis added). Based on that reasoning, the Eleventh Circuit later concluded that a habeas petition "challeng[ing] *a new judgment* . . . is not second or successive, regardless of whether its claims challenge the sentence or the underlying conviction." *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (cleaned up) (emphasis added).

Even so, "not all post-judgment changes or corrections to a sentence" will qualify as a "new judgment for purposes of § 2244(d)(1)(A)." *Thompson*, 606 F. App'x at 502 n.8 (citations omitted); *see also Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1265–66 (11th Cir. 2020) (discussing this principle with respect to the restriction on second or successive habeas petitions). For example, in the context of resolving whether a corrected sentence removed the restriction on second or successive habeas petitions in *Patterson*, the Eleventh Circuit held that removing a judgment's imposition of chemical castration did not make the modification qualify as a new judgment. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326–28 (11th Cir. 2017).

Here, Petitioner's corrected sentence does not qualify as a new judgment for purposes of § 2244. The Eleventh Circuit has held that a Florida court's corrected sentence, imposed nunc pro tunc, did not qualify as a new judgment because the nunc pro tunc designation "related back to the date of the initial judgment[.]" *See Osbourne*, 968 F.3d at 1266–67. After all, "under Florida law, nunc pro tunc means now for then [thus] when a legal order or judgment is imposed nunc pro tunc

it refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record was absent or defective." *Id.* at 1266 (collecting cases) (cleaned up).

Like the petitioner in *Osbourne*, both orders correcting Petitioner's sentence contain a nunc pro tunc designation. *See* Exhibits I at 111–13; Exhibits II at 217–21. And, therefore, the orders correcting Petitioner's sentence do not qualify as a new judgment under *Ferreira*—they instead relate back to the date of the original judgment.[4] *See Osbourne*, 968 F.3d at 1266–67.

Additionally, although the State Circuit Court entered its order adding that Petitioner "is entitled to sentence review" after it had already corrected Petitioner's sentence with a nunc pro tunc designation, *see* Exhibits II at 253, the Fourth DCA recognized that particular addition would be a "ministerial sentence correction"—one that did not require Petitioner to be present. *James*, 258 So. 3d at 469. Ministerial or clerical corrections to a sentence do not qualify as a new judgment. *See Patterson*, 849 F.3d at 1326 ("[B]ecause an order that corrects a clerical error likely would not create a new judgment, a petitioner would not be entitled to a second round of habeas review."). And, in any event, "the statute of limitations is triggered by the date the judgment . . . becomes final." *Ferreira*, 494 F.3d at 1292. Because the "ministerial sentence correction" was not the judgment authorizing Petitioner's confinement, it does not control the statute of limitations here. *See id.* ("*Burton* makes clear that the writ and AEDPA, including its limitations provisions,

---

[4] True, *Osbourne* confronted whether a nunc pro tunc designation on a corrected sentence qualified as a new judgment for purposes of the restriction on second or successive petitions pursuant to § 2244(b), not timeliness. *See Osbourne*, 968 F.3d at 1266–67. But this makes no difference for two reasons. First, *Osbourne* relied on *Burton v. Stewart*, 549 U.S. 147, 156 (2007), *see Osbourne*, 968 F.3d at 1264, and the Eleventh Circuit's decision in *Ferreira* stems from *Burton*. *See Ferreira*, 494 F.3d at 1288 ("After a thorough consideration of *Burton* and reconsideration of our relevant precedent, we now hold that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final."). Second, the Eleventh Circuit cited *Ferreira* to conclude a habeas petition was not successive in *Insignares*. *See Insignares*, 755 F.3d at 1280–81 (explaining that *Ferreira*'s holding on timeliness extends to the second or successive restriction when a new judgment has been entered even though the petitioner challenges only their underlying conviction). Accordingly, *Osbourne*'s reasoning necessarily and logically extends to the timeliness inquiry.

Page **7** of **13**

are specifically focused on the judgment which holds the petitioner in confinement."). Thus, the written order permitting for sentence review does not qualify as a new judgment under *Ferreira*. In sum, *Ferreira* does not apply to this case because none of the postconviction orders qualify as a new judgment.

With that settled, the Court now addresses whether the Petition is timely—using the initial judgment—pursuant to § 2244(d)(1)(A). The Fourth DCA affirmed Petitioner's conviction and sentence on direct appeal of the underlying judgment on March 26, 2003 and denied rehearing on May 15, 2003. *See generally James v. State*, 843 So. 2d 933 (Fla. 4th DCA 2003). Under 28 U.S.C. § 2244(d)(1)(A), a habeas petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file their petition in federal court. And "the federal judgment becomes final when [the U.S. Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (cleaned up).

As the Eleventh Circuit has explained, "the time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate." *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up). Stated plainly, for petitioners who do not seek discretionary review from the Florida Supreme Court, the judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006). However, in this case, the judgment became final 90 days after the Fourth DCA denied rehearing on May 15, 2003 because Supreme Court

Rule 13.3 provides, "the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment."

The judgment, therefore, became final on August 13, 2003. The Court need not consider every interval of time where there were no properly tolling motions in this case subsequent to the date of finality. Instead, one interval of time is enough here. Between the years of 2006 to 2011, the Petitioner had no pending filings in state or federal court. *See* Petition at 1–4, 7–8; Response at 1–2; Exhibits I; Exhibits II. Because more than one year elapsed without any litigation in state court after the finality date, the limitations period expired.[5] Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner does not rely on any of the other provisions under § 2244(d)(1) to render his Petition timely. Even so, the Court has considered those provisions and determined that none apply to Petitioner's sole claim for relief.

Further, unless an equitable exception applies, the Petition is time-barred. Two equitable exceptions exist, but neither apply to this case. First, the limitation period may be equitably tolled. To warrant equitable tolling, Petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (cleaned up); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F. 3d 1097, 1099 (11th Cir. 2012)).

---

[5] All of the litigation following the expiration of the limitations period, of course, does not toll the limitations period. *See, e.g.*, *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition like Tinker's that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.") (cleaned up).

Here, the 2006 to 2011 interval of time without litigation in state or federal court shows Petitioner has not exhibited reasonable diligence in pursuing his rights. Because Petitioner has not explained what obstacle prevented him from filing a federal habeas petition prior to or during that interval of time, this exception clearly does not apply.

Second, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). And, therefore, "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 394.

Here, Petitioner has not alleged that he is actually innocent. Petitioner's sole claim for relief exclusively relates to Counsel's failure to challenge the reliability of his confession due to what Petitioner views as a defective waiver form. *See* Petition at 4–6. Because "'actual innocence' means factual innocence, not mere legal insufficiency[,]" *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)), Petitioner has not shown this equitable exception applies either. Accordingly, the Petition is time-barred.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. "[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (cleaned up). The Petition is time-barred, rendering any need for evidentiary development futile.

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a district court has disposed of claims…on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

The procedural ruling in this Order is not subject to reasonable debate. Accordingly, a COA is denied.

## CONCLUSION

To summarize, the Petition is time-barred. But the Eleventh Circuit has indicated that a district court should provide habeas litigants "ample notice and an opportunity to explain [why the action should not be summarily dismissed]." *See Paez*, 947 F.3d at 654. While this Order is not formally a summary dismissal because there is a response to an order to show cause in the record, the Petitioner should be alerted of his opportunity to respond only because this Order addresses timeliness issues that were overlooked by Respondent.

In an abundance of caution, the Court has determined that the interests of justice, finality, and comity are better served in this case by resolving it on the issue of timeliness and shall, therefore, afford "fair notice and an opportunity [for the parties] to present their positions." *Day*, 547 U.S. at 210–11; *cf. Granberry v. Greer*, 481 U.S. 129, 135 (1987) ("[B]oth comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").[6] Consistent with this instruction and approach, the parties may each submit a response, not exceeding five pages in length, to state their positions during the 28-day period for reconsideration under Fed. R. Civ. P. 59(e). Such positions, if any are submitted, shall be reviewed *de novo*. Having carefully reviewed the record in this case, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is hereby **DISMISSED as time-barred**. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a COA shall **NOT ISSUE**. Lastly, because the parties may state their positions to this Order during the period for reconsideration, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of October, 2020.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[6] Petitioner "concede[d] that [his sole ground for relief] was not raised in State Court" and relies on *Martinez v. Ryan*, 566 U.S. 1 (2012) "to excuse [the] procedural default" of his unexhausted ineffective-assistance claim. *See* Petition at 6. But in doing so, the Court is further assured that "[P]etitioner is not significantly prejudiced by the delayed focus on the limitation issue" in this case, s*ee Day*, 547 U.S. at 210, especially because Respondent never relinquished its timeliness defense. *See* Response at 3. Instead, as in *Day*, this Order simply corrects an inadvertent error where the State never waived or withheld the issue of timeliness while also providing the parties an opportunity to present their arguments to the contrary. *See Day*, 547 U.S. at 210–11.

cc: Travis James
198583
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE

James Joseph Carney
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432
561-837-5000
Email: CrimAppWPB@MyFloridaLegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com